**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4631**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOHN LYNN LATTAKER, a/k/a Edward Miller,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00094-RJC-1)

─────────

Submitted: December 23, 2008          Decided: January 14, 2009

─────────

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Mark P. Foster, Jr., LAW OFFICES OF MARK FOSTER, PC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lynn Lattaker pled guilty pursuant to a plea agreement to two counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (2006), one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). As part of the plea agreement, Lattaker waived his right to challenge his conviction and sentence on direct appeal, except for claims of prosecutorial misconduct or ineffective assistance of counsel. The district court sentenced Lattaker to 360 months' imprisonment. Lattaker's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Lattaker filed a pro se supplemental brief raising several issues. The Government does not seek to enforce the plea agreement's appeal waiver.[*] Finding no error, we affirm.

---

[*] Because the Government has not sought to enforce Lattaker's appellate waiver, we need not consider whether the waiver is dispositive of this appeal. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000) (declining to consider an appeal waiver that arguably barred the appeal on one issue because the Government had expressly elected not to argue waiver with regard to that issue); cf. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005) (enforcing a plea agreement's appeal waiver where the Government sought enforcement, the issues raised fell within the waiver's scope, (Continued)

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Lattaker's guilty plea and that the court's omissions did not affect Lattaker's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Lattaker entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Lattaker's sentence, we review a criminal sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We must first determine whether the district court committed any "significant procedural error." Gall, 128 S. Ct. at 597. We then consider the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a sentence within the Guidelines range. Go, 517 F.3d at 218. We find that

and no claim was present that the Government breached its obligations under the plea agreement).

3

the district court's imposition of a 360-month sentence, a sentence within the properly calculated Guidelines range, was reasonable. We find further that none of the issues in Lattaker's pro se supplemental brief raise meritorious issues for appeal.

We therefore affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED